**NOT FOR PUBLICATION**

<table>
<tr><td>

UNITED STATES BANKRUPTCY
COURT DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J.
LBR 9004-1(b)**

</td><td rowspan="2">

Case No. 25-21410 (MBK)

Hearing Date: March 3, 2026

Chapter 13

Judge:  Michael B. Kaplan

</td></tr>
<tr><td>

In Re:

Kenneth Brewster,

               Debtor

</td></tr>
</table>

*All Counsel of Record*

## MEMORANDUM DECISION

Presently before the Court is a Motion for Reconsideration (the "Motion for Reconsideration" or the "Motion") on behalf of Debtor, Kenneth Brewster (the "Debtor" or "Movant") (ECF No. 26). Ultimately, the Debtor seeks a reversal of the Order denying Debtor's claim objection (ECF No. 23) as to Sharon Brewster's (the "Creditor") Proof of Claim No. 8 (the "Claim"). The Court has considered fully the Movant's and Creditor's arguments and the record in this case. For the reasons that follow, the Court will **GRANT** the Motion for Reconsideration in its entirety.

### I.      Jurisdiction

The Court has jurisdiction over the contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court. These matters are core proceedings within the meaning of 28 U.S.C. § 157(b)(2)(A), (B), (L) and (O). Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

## II.    Background and Procedural History

At the outset, it is important to note that the Debtor and Creditor are former spouses (collectively, the "Parties"), and the Creditor's Claim and Debtor's claim objection arise from the final judgement of divorce and marital settlement agreement entered by the Parties in 2018, and relevant subsequent orders entered thereafter.

On October 27, 2025, Kenneth Brewster filed a Chapter 13 Voluntary Petition assigned case number 25-21410-MBK (the "Bankruptcy Case"). A Chapter 13 Plan was filed on the same day for the Court's consideration (ECF No. 3). Following the Debtor's bankruptcy filing, on November 17, 2025, Sharon Brewster filed the Claim in issue, listing the amount as $24,200.00 and classifying it as unsecured. *See* Creditor's Claim at 2. In addition, the Creditor categorized the Claim as a domestic support obligation under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). *Id.* at 3. Included with the Claim was (1) a  copy of the Notice of Custodial Parent (CP) Disbursement History dated November 12, 2025, which reflects a balance of $24, 200.00 (the "Notice of Custodial Parent") and (2) a copy of the final judgement of divorce dated July 2, 2018, entered by the Honorable Deborah J. Venezia, P.J.F.P. (*Ret.*)[1] of the Superior Court of New Jersey, Chancery Division, Middlesex County Vicinage (the "Divorce Decree") and (3) a copy of a court order dated October 26, 2018 entered by Judge Venezia (the "State Court Order"). *Id.* at 4-11. No other documents were attached to the Creditor's Claim.

On December 12, 2025, Movant filed a Motion to Expunge the Claim (the "Claim Objection"). Prior to the filing of Debtor's Bankruptcy Case, the Parties had filed for divorce and on July 2, 2018, the state court entered a Divorce Decree. Under the Marital Settlement Agreement—incorporated by way of the Divorce Decree—the repayment of debts was to be shared

---

[1] As discussed in further detail below, during the hearing that took place on March 4, 2026, the Court learned for the first time that Judge Venezia is currently retired.

by the Parties, apportioning Debtor's share at $400.00 per month (the "MSA"). *See* Certification

in Support of the Claim Objection (the "Claim Objection Certification") at ¶ 3; *see also* Claim

Objection Certification, Ex. B at 2. At the time the Parties entered the MSA, the largest and only

remaining debt was a Small Business Administration loan (hereinafter, the "SBA Loan"), in the

amount of $44,000.00. *See* Claim Objection Certification at ¶ 4. The Small Business

Administration filed an unsecured claim for this remaining balance. *Id.* at ¶ 5; *see also* Proof of

Claim No. 6. Most notably, the MSA expressly provided that neither party may seek alimony,

spousal support, or similar relief. *Id.* at ¶ 6; *see also* Claim Objection Certification, Ex. B at 2. As

a result, the Debtor has objected to the Creditor's Claim contending that the repayment of the SBA

Loan should not be treated as a domestic support obligation. *Id.* at ¶ 7.

On January 12, 2026, the Creditor objected to the confirmation of Debtor's Chapter 13

Plan because the plan failed to propose a monthly payment and terms sufficient to pay "[D]ebtor's

domestic support obligation in full as a priority claim." *See generally* Creditor's Objection to

Confirmation of Plan (ECF No. 17). On the same day, the Creditor filed a certification in

opposition to Debtor's Claim Objection (the "Claim Objection Opp.") (ECF No. 18). In her

opposition, the Creditor alleges that per the Notice of Custodial Parent, the debt type is considered

"alimony". *See* Claim Objection Opp. at ¶ 2. Moreover, the Creditor alleges that per the State

Court Order, the amount paid by the Debtor to the Creditor is "spousal support", to be collected

through the Probation Department[2] by way of wage garnishment. *Id*; *see also* Creditor's Claim at

9-10[3]. The Creditor alleges that the debt arose from the SBA Loan that the Parties were equally

liable for in the initial amount of $44,000.00, which the Parties agreed to pay off equally pursuant

---

[2] The probation department is a specialized family support division of the state court, particularly when enforcement is required due to missed payments.
[3] Although Creditor does not mark the Exhibits attached to the Claim, the Creditor references the State Court Order as Exhibit B attached to her Proof of Claim.

to the MSA. *Id*. at ¶ 3. As a result of Debtor's non-payment, the Creditor asserts that Judge Venezia entered the State Court Order on October 26, 2018. *Id*. Accordingly, the Creditor argues that Debtor's Claim Objection is merely an attempt to deceive the Court into relieving him from paying his court-ordered spousal support. *Id*. at ¶ 4. Moreover, while Debtor asserts that the SBA's proof of claim is sufficient in lieu of the Creditor's Claim, the Creditor submits that because the SBA filed an unsecured claim and the Debtor's Chapter 13 Plan proposes to pay less than 20% of that claim, the Creditor would remain liable for the remaining balance, despite having already paid her half. *Id*. at ¶ 5.

On January 16, 2025, Debtor filed a response to the Creditor's Opposition (the "Claim Objection Response") (ECF No. 20) reiterating that the Parties "made expressly clear that payments towards the bills were not spousal support against *either* party, and that neither party would request spousal support from the other." *See* Claim Objection Response at 3. With respect to the State Court Order, the Debtor contends that the state court characterized the repayment obligation as "spousal support" for probation garnishment purposes only, while clarifying that the obligation remains the Debtor's equitable share of the monthly bills required under the Divorce Decree. *Id*.; *see also* Claim Objection Opp., Ex. B. Essentially, the Debtor submits that the State Court Order does not change the substance of the Parties mutually agreed upon MSA, but instead, merely authorizes the Probation Department to garnish Debtor's wages as if it were spousal support. *Id*. In other words, the state court was "merely providing a mechanism for collections." *Id*. at 4.

At the hearing held on January 26, 2026, the Court denied Debtor's Claim Objection and directed the Debtor to seek relief from the state court that had presided over the Parties' divorce proceedings and that had entered the October 26, 2018 State Court Order. Subsequently, however,

Debtor filed the instant Motion for Reconsideration on January 30, 2026 (ECF No. 26). Thereafter, on February 17, 2026, Creditor filed a certification in opposition to Debtor's Motion (the "Reconsideration Opp.") (ECF No. 27). After considering the Parties' submissions and oral arguments, the Court held the matter on reserve.

### III.   Arguments of the Parties

#### A.  The Debtor's Position

The Debtor generally contends that the Creditor's Claim misrepresents the facts concerning the terms agreed upon by the Parties, as reflected in the Divorce Decree and the MSA. Specifically, the MSA expressly states, "**Kenneth and Sharon will not request a monthly stipend from either spouse via alimony, spousal support or otherwise.**" (*emphasis added*). *See* Claim Objection, Ex. A. Accordingly, the Debtor argues that the Parties' intent, as evidenced in the MSA, demonstrates that the Creditor's Claim does not constitute a "domestic support obligation." *See* Certification in Support of the Motion for Reconsideration at ¶ 5. The Debtor further argues that the State Court Order is not controlling on the issue, and that the Court should apply federal bankruptcy law. In other words, focusing on a narrow interpretation of the State Court Order does not reflect the Parties' original agreement and in doing so, serves only to create confusion with the Court and is inconsistent with applicable law.

Notably, the State Court Order states that " [t]he [Debtor's] monthly amounts due and owing should be **considered as spousal support** . . ." (*emphasis added*). *See* Debtor's Brief in Support of the Motion for Reconsideration at 6; *see also* the State Court Order. As explained on the record during the January 26, 2026 hearing, the State Court Order was a result of an uncontested motion to implement wage garnishment (the "Wage Garnishment Motion"). *Id*. The Wage Garnishment Motion was submitted by the Creditor as a form certification and included a proposed order, neither of which reflected any intent by the Parties to change the substance of the

MSA. *Id.* at 6-7. Nevertheless, the Debtor maintains that the state court entered its own order and, to satisfy the requirement of the Probation Department, characterized the Debtor's obligation as spousal support, although the amounts due were not, in fact spousal support. *Id.* 7-8. Given the circumstances, the Debtor asserts that the Court's fettered deference to state law and state processes instead of federal law was a clear legal error, mandating reconsideration of the Order denying the Claim Objection.

### B.  The Creditor's Position

In opposition, the Creditor asserts that Debtor's argument is nothing more than a reiteration of allegations previously made in his Claim Objection and denied by this Court. *See generally* Reconsideration Opp. (ECF No. 27). The Creditor points to a Notice she received dated February 5, 2026, and titled "United States Bankruptcy Proof of Claim" (the "Claim Notice"). According to the Creditor, the Claim Notice provides that "the debt owed by [D]ebtor to Ms. Brewster is a domestic support obligation and therefore, is not dischargeable . . ." *See* Reconsideration Opp. at ¶ 7[4]. The Creditor also asserts that FED. R. CIV. P. 59 does not govern the Motion, since Rule 59 applies to "applications for a new trial or to alter a judgment, and not reconsideration of an order deciding a motion." *Id.* at ¶ 9. The Creditor takes this position because during the January 26, 2026 hearing, the Court advised Debtor on the record to return to the state court that issued the State Court Order classifying Debtor's obligation as "spousal support" to seek an amendment or reconsideration of that order. Accordingly, the Creditor contends that the Debtor failed to pursue that option and instead filed the instant Motion frivolously. *Id.* at ¶ 10.

In sum, Creditor argues that the Debtor's arguments improperly invite this Court to speculate as to the intent of the state court judge—an issue the Court previously directed the Debtor

---

[4] The Creditor attached the Claim Notice to her certification of opposition to the Motion for Reconsideration as Exhibit A.

to address in state court—while incorrectly suggesting that the burden rests with the Creditor rather than the Debtor, who seeks to modify the Claim. *Id*. at ¶ 11-13. Thus, the Creditor maintains that the relief sought in Debtor's Motion should be denied.

### IV.    Analysis

A motion under FED. R. CIV. P. 59(e) is a motion to alter or amend a judgement and is applicable to bankruptcy cases under Rule 9023 of the Federal Rules of Bankruptcy Procedure. A court should only grant a Rule 59(e) motion where the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously, or (3) the need to correct clear error of law or prevent manifest injustice. *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d Cir. 2018) (*internal quotations and citations omitted*). Moreover, a court should "entertain a motion to reconsider if an overlooked controlling decision of law or dispositive factual matter was of a nature that, if considered by the court, might reasonably have resulted in a different conclusion." *In re Scotto-DiClemente*, 463 B.R. 308, 310 (Bankr. D.N.J. 2012). In exercising the court's discretion, the Court "must keep an open mind … [and] should not hesitate to grant the motion when compelled to prevent manifest injustice or to correct a legal error." *Id*.

During the March 4, 2026 hearing, the Court was informed for the first time that Judge Venezia had retired. As a result, Judge Venezia's rationale and understanding underlying her characterization of the term "spousal support" cannot be discerned. The Debtor argues that federal courts across the country—including the Third Circuit—are unanimous in the view that "although the decree or settlement establishing the obligation almost invariably arises in the context of a state court proceeding, whether the obligation is in the nature of alimony, maintenance or support for the purposes of the Bankruptcy Code is a question of federal, not state law." *In re Gianakas*, 917 F.2d 759, 762 (3d Cir. 1990) (*internal citations omitted*). As noted above, the Court previously

dismissed Debtor's Claim Objection during the January 26, 2026 hearing, and expressed its intent to abstain from considering Debtor's Claim Objection in favor of final resolution in the state court that oversaw both the Parties' Divorce Decree and the Wage Garnishment Motion. At the heart of Movant's argument is that the Court erred as a matter of law by failing to undertake its own analysis as to whether the Debtor's wage garnishments constituted spousal support under the Bankruptcy Code.

The legal principles set forth in *Gianakas* are not truly in contest. Rather, reconsideration of this Court's prior ruling is appropriate to consider the impact of Judge Venezia's retirement on the resolution of the ultimate determination as to the nature of the claim. The Court finds sufficient grounds exist to warrant relief from judgment under Rule 59(e)[5]. Returning the Parties to state court will do little to assist the Court to resolve the merits of the pending Claim Objection. A newly assigned state court judge is in no better position to discern Judge Venezia's intent or to apply the applicable standards under federal bankruptcy law. While New Jersey courts have concurrent jurisdiction to determine whether an obligation constitutes alimony, maintenance, or support, for purposes of treatment in a bankruptcy proceeding, in doing so, courts must employ applicable federal bankruptcy law. *See Bisbing v. Bisbing*, 468 N.J. Super. 112, 123 (2021) (*internal citations omitted*)[6]. Without the input of Judge Venezia, or an independent record to reflect the basis upon

---

[5] Although the Parties did not raise it, based on the foregoing, the Court need not consider relief under FED. R. CIV. P. 60(b) at this time, which provides litigants with a separate mechanism for obtaining relief from a judgement or order.

[6] Under applicable legal principles, the Bankruptcy Court "examines the function served by the obligation at the time of the divorce or settlement by considering the following factors: (1) the labels in the agreement or court order; (2) the income and needs of the parties at the time the obligation became fixed; (3) the amount and outcome of property division; (4) whether the obligation terminates on the obligee's death or remarriage or on emancipation of children; (5) the number and frequency of payments; (6) waiver of alimony or support rights in the agreement; (7) availability of state court procedures to modify or enforce the obligation through the contempt remedy; and (8) the tax treatment of the obligation." *See In re Ventrone*, 648 B.R. 30, 47 (Bankr. E.D. Pa. 2023) (*internal citations omitted*).

which the court determined the nature of the obligation, this Court may as well undertake to review the claim.

This Court can and will timely address Debtor's pending Claim Objection. In this regard, this Court asks both the Parties to submit any further supporting certifications, with exhibits, and supplemental arguments within fourteen **(14)** days of entry of this Order. The Court will thereafter decide the matter based on all the papers submitted.

**V.      Conclusion**

For the aforementioned reasons, the Motion (ECF No. 26) is **GRANTED**. The Court will enter an appropriate form of Order.

_Michael B. Kaplan_

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Dated: March 23, 2026