

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**U.S. COURTHOUSE**
**402 E. STATE STREET**
**TRENTON, NEW JERSEY 08608**

**Hon. Michael B. Kaplan**                                                     **609-858-9360**
**Judge, United States Bankruptcy Court**


June 15, 2026


*All Interested Parties*


Re:     *Kenneth Brewster*
        Case No. 25-21410 (MBK)

Dear Counsel and Parties:


Before the Court is the motion of Kenneth Brewster (the "Debtor"), seeking damages,

attorneys' fees, and related relief against Sharon Brewster (the "Creditor" or "Ms. Brewster"

together with the Debtor, the "Parties") for alleged violations of the automatic stay pursuant to 11

U.S.C. § 362(k) (the "Motion"). *See* ECF No. 43. Ms. Brewster filed opposition. *See* ECF No. 53.

The Debtor thereafter filed a response. *See* ECF No. 54.

The Court has reviewed the Parties' submissions and the record in this case. For the reasons

set forth below, the Debtor's Motion is **GRANTED IN PART**.

1

**I. Jurisdiction**

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, and June 6, 2025, referring all bankruptcy cases to the bankruptcy court. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper under 28 U.S.C. § 1408.[1]

**II. Background, Procedural History, and Positions of the Parties**

The Debtor and Ms. Brewster are former spouses. In 2013, the Parties each executed a note with the Small Business Administration ("SBA") in connection with an obligation originally in the amount of $44,100, later modified to $53,400. *See* Motion at ¶ 1. On June 20, 2018, as part of their matrimonial proceedings, the Parties entered into a Marital Settlement Agreement ("MSA"). *Id.* at ¶ 2. The Debtor asserts that, pursuant to that agreement, each party agreed to pay $200 per month toward the SBA obligation, and that the agreement expressly provided that neither party would seek alimony, spousal support, or a similar monthly stipend from the other. *Id.* at ¶¶ 2–3.

Thereafter, in August 2018, Ms. Brewster filed a motion in the matrimonial proceeding seeking a wage garnishment after the Debtor fell behind on his agreed payments. *Id.* at ¶ 5. On October 26, 2018, the Middlesex County Superior Court entered an order permitting the Debtor's share of the repayment obligation to be garnished through the Probation Division ("Probation") and treated as spousal support for garnishment purposes. *Id.* at ¶ 7.

On October 27, 2025, the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. Ms. Brewster was listed as a creditor and was served with notice of the bankruptcy case. *Id.* at ¶ 8. The Notice of Bankruptcy Filing advised creditors of the automatic

---

[1] The following constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052. To the extent that any finding of fact constitutes a conclusion of law, it is adopted as such, and to the extent that any conclusion of law constitutes a finding of fact, it is adopted as such.

stay and explained that creditors generally may not take action to collect debts from the debtor, including by garnishing wages while the stay is in effect. *Id.* at ¶ 9.

The Debtor asserts that, notwithstanding the bankruptcy filing and the Notice of Bankruptcy Filing, wage garnishment continued post-petition. *Id.* at ¶ 13. On November 18, 2025, Ms. Brewster filed a proof of claim (the "Proof of Claim") in the amount of $24,200, asserting that the claim constituted a domestic support obligation entitled to priority status under 11 U.S.C. § 507(a)(1). *See* Proof of Claim No. 8. On December 5, 2025, counsel for the Debtor sent Ms. Brewster correspondence advising that the ongoing wage garnishment violated the automatic stay and requesting that she take steps to stop the garnishment and return garnished wages. See Motion at ¶ 14. On December 12, 2025, the Debtor filed an objection to the Proof of Claim, arguing that the underlying obligation was not a domestic support obligation but, rather, an equitable distribution obligation arising from the Parties' allocation of marital debt. ECF No. 16. The Debtor maintains that the certification filed in support of the claim objection reiterated that his wages were still being garnished and that the continued garnishment violated the automatic stay. Motion at ¶ 16.

On January 27, 2026, the Court initially entered an order denying the Debtor's objection to the Proof of Claim. *See* ECF No. 23; *see also* ECF No. 39 at 2. The Debtor thereafter moved for reconsideration, and, after further briefing and oral argument, the Court granted reconsideration and undertook further review of the Proof of Claim and the Debtor's objection thereto. *See* ECF Nos. 26, 30, 31; *see also* ECF No. 39 at 2. On May 5, 2026, the Court issued a Letter Opinion finding that the obligation underlying the Proof of Claim was not a domestic support obligation within the meaning of 11 U.S.C. § 101(14A) but instead constituted an allocation of marital debt

3

arising from the parties' divorce. ECF No. 39 at 8. Accordingly, the Court sustained the Debtor's objection and expunged the Proof of Claim in its entirety. *See* ECF No. 40.

The Debtor contends that, despite these notices, $100 was withheld from each post-petition paycheck received on October 31, 2025, November 7, 2025, November 14, 2025, November 21, 2025, November 26, 2025, December 5, 2025, December 12, 2025, December 19, 2025, December 26, 2025, January 2, 2026, and January 9, 2026, for a total of $1,100. *Id.* at ¶ 18. The Debtor further contends that the garnishment continued after the filing of the Motion. *See* ECF No. 45.

Ms. Brewster opposes the Motion. In her certification, she acknowledges receiving the December 5, 2025, letter from Debtor's counsel, but states that she immediately contacted Probation to cease the garnishment and was not told by Probation that any further action was required. *See* ECF No. 53-2 at ¶ 3. Ms. Brewster further states that she is not an attorney, that she was *pro se* until retaining counsel in January 2026, and that she believed Probation—not she personally—was garnishing the Debtor's wages. *Id.* ¶¶ 2–3. Ms. Brewster also asserts that all payments she received post-petition were remitted to the SBA in accordance with the MSA, and that she did not retain any of the Debtor's funds. *Id.* at ¶ 3.

Ms. Brewster also argues that the Debtor has not suffered damages because the garnished funds were applied to the SBA obligation and because, in her view, her claim must be paid in full to enable the Debtor to receive a discharge. *Id.* at ¶ 6. Through counsel, Ms. Brewster further contends that she attempted in good faith to terminate the garnishment by communicating with Probation and by later sending a proposed consent order to Debtor's counsel. *See* ECF No. 53-1 at 1–2. Counsel also argues that sanctions are not appropriate given the prior dispute regarding the nature of Ms. Brewster's claim, the state court order treating the garnishment as spousal support for garnishment purposes, and this Court's prior consideration of related claim issues. *Id.* at 2.

The Debtor replies that Ms. Brewster's efforts were insufficient because she had an affirmative duty to stop the garnishment after learning of the bankruptcy and the alleged stay violation. *See* ECF No. 54. The Debtor emphasizes that Ms. Brewster initiated the wage garnishment in state court and therefore could have terminated it. *Id.* at 2. The Debtor also argues that Ms. Brewster's remittance of the garnished funds to the SBA did not cure the stay violation because the funds should have been returned to the estate or otherwise preserved pending further order of this Court. *Id.* at 4–5.

Thus, the dispute before the Court is not whether the garnishment continued post-petition. Rather, the Parties dispute whether Ms. Brewster's actions after receiving notice of the bankruptcy and the alleged stay violation were sufficient to impose liability under § 362(k), whether the Debtor suffered compensable damages, and whether the circumstances warrant attorneys' fees, costs, or punitive damages.

### III. Discussion

### A. The Automatic Stay and § 362(k)

Section 362(a) provides that the filing of a bankruptcy petition operates as a stay, applicable to all entities, of, among other things, "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a)(6). In Chapter 13, property of the estate includes earnings from services performed by the debtor after commencement of the case and before the case is closed, dismissed, or converted. 11 U.S.C. § 1306(a)(2).

The automatic stay is one of the fundamental protections afforded to debtors by the Bankruptcy Code. It provides debtors with a breathing spell from collection activity and protects the estate for the benefit of all parties in interest. *In re Rodriguez*, 2012 WL 589553, at *3 (Bankr.

5

D.N.J. Feb. 22, 2012). Consistent with those purposes, a creditor who receives notice of a bankruptcy filing has an affirmative obligation to take reasonable steps to prevent continuing stay violations, including by halting ongoing garnishment activity. *In re Gardner*, 2016 WL 1576700, at *5 (Bankr. D.N.J. Mar. 31, 2016).

Section 362(k)(1) provides that, except as set forth in § 362(k)(2), "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). To prevail under § 362(k), a debtor must prove by a preponderance of the evidence that: (1) a violation of the automatic stay occurred; (2) the creditor had knowledge of the bankruptcy case when acting; and (3) the violation caused actual damages. *See In re McGowan*, 2014 WL 793125, at *2 (Bankr. D.N.J. Feb. 26, 2014).

A stay violation is willful if the creditor knew of the bankruptcy case and proceeded with conduct that violated the stay. *In re Rodriguez*, 2012 WL 589553, at *4. Stated differently, "mere 'knowledge of the existence of the bankruptcy case' equates to knowledge of the stay." *McGowan*, 2014 WL 793125, at *2 (quoting *Thomas v. City of Philadelphia*, 2013 Bankr.LEXIS 3323 (Bankr.E.D.Pa.2013)). Specific intent to violate the stay is not required. *Rodriguez*, 2012 WL 589553, at *4.

**B. The Post-petition Garnishment Violated the Automatic Stay**

The record reflects that the wage garnishment continued after the Debtor commenced this Chapter 13 case. The garnished wages were post-petition earnings of the Debtor, and, in this Chapter 13 case, property of the estate under § 1306(a)(2). The garnishment was therefore an act to collect or recover on a prepetition obligation and fell within the scope of § 362(a), unless an exception to the stay applied.

The Court recognizes that the Parties have disputed the nature of Ms. Brewster's claim and the effect of the Superior Court's 2018 order, which provided that the wage garnishment would be treated as spousal support for purposes of garnishment. The Court also recognizes that this dispute did not arise in a vacuum: the Parties' obligations were addressed in matrimonial proceedings, the Debtor's schedules and Ms. Brewster's proof of claim appear to have reflected the alleged priority nature of the claim, and the Court previously addressed related issues concerning the proof of claim.

Nevertheless, on the record presently before the Court, the continued garnishment of the Debtor's post-petition wages was not permissible. The relevant obligation arose prepetition, the Debtor's post-petition wages constituted property of the estate, and Ms. Brewster was placed on notice that the Debtor contended the garnishment violated the stay. If Ms. Brewster believed that the garnishment fell within an exception to the stay or should otherwise continue, the proper course was to seek relief or clarification from this Court. She was not free to allow the garnishment to continue indefinitely while the Debtor's Chapter 13 case remained pending.

## C. The Violation Was Willful

The Court further finds that the violation was willful within the meaning of § 362(k). It is undisputed that Ms. Brewster had notice of the bankruptcy case. She was listed as a creditor and served with the Notice of Bankruptcy Filing. She later filed a proof of claim in this case. Debtor's counsel also sent December 5, 2025, correspondence expressly advising that the wage garnishment violated the stay and demanding that the garnishment cease and that garnished wages be returned. After that point, Ms. Brewster had an affirmative obligation to ensure that the garnishment stopped.

The Court credits Ms. Brewster's representation that she contacted Probation and that she did not understand all of the procedural steps necessary to terminate the garnishment. The Court

also credits, for purposes of this ruling, that Ms. Brewster did not retain the funds for personal use but instead remitted them to the SBA. Those facts weigh against a finding that Ms. Brewster acted with bad faith or with any intent to harass the Debtor. But § 362(k) does not require such a finding. Once Ms. Brewster had notice of the bankruptcy case and notice that the wage garnishment was continuing, she was required to take effective action to halt the collection activity or seek relief from this Court. Limited communication with Probation, without follow-up sufficient to stop the garnishment, did not satisfy that obligation where the garnishment continued. Nor did remitting the funds to the SBA cure the stay violation. The funds were withheld from the Debtor's post-petition wages and should have been returned or preserved pending further order of this Court.

Accordingly, the Court finds that Ms. Brewster willfully violated the automatic stay.

**D. Damages, Attorneys' Fees, and Costs**

Under § 362(k), an individual injured by a willful stay violation shall recover actual damages, including costs and attorneys' fees. Attorneys' fees incurred to remedy or prevent a stay violation are recoverable as actual damages under the statute. *McGowan*, 2014 WL 793125, at *2; *Rodriguez*, 2012 WL 589553, at *4–5. Here, the Debtor has established actual damages in the amount of at least $1,100, representing the $100 garnishments from eleven post-petition paychecks identified in the Debtor's certification. The Debtor further contends that garnishments continued thereafter. The record before the Court, however, does not contain a final calculation of all post-petition amounts garnished through the present date, nor does it contain a final fee certification upon which the Court can determine the amount of reasonable attorneys' fees and costs.

Accordingly, the Motion is granted as to liability and actual damages. Ms. Brewster shall be required to return to the Debtor, or to the Chapter 13 Trustee if directed by the form of order, all post-petition wages garnished from the Debtor on account of the obligation at issue. The amount

8

presently established is $1,100, subject to supplementation for any additional amounts garnished after January 9, 2026.

The Debtor shall submit, within fourteen (14) days, a certification identifying: (i) all post-petition garnished amounts through the date of the certification; (ii) the date and amount of each garnishment; and (iii) the attorneys' fees and costs incurred in connection with remedying the stay violation and prosecuting the Motion. Ms. Brewster shall have fourteen (14) days thereafter to object solely to the amount of damages, fees, and costs requested. If no objection is filed, the Court may enter an order fixing the amount without further hearing.

**E. Punitive Damages**

The Debtor also seeks punitive damages. Punitive damages are available under § 362(k) only "in appropriate circumstances." 11 U.S.C. § 362(k)(1). They are generally reserved for conduct that is particularly egregious or that reflects something more than a bare stay violation warranting compensatory relief. *McGowan*, 2014 WL 793125, at *3. The Court declines to award punitive damages on this record. Although Ms. Brewster was obligated to stop the garnishment and failed to do so effectively, several mitigating considerations counsel against punitive relief. Ms. Brewster was initially *pro se*. The garnishment arose from a matrimonial order that referred to the obligation as spousal support for garnishment purposes. The Parties had a genuine dispute regarding the character of the claim. Ms. Brewster represents that she contacted Probation and later sought to resolve the issue through counsel. She also did not retain the garnished funds for herself but remitted them to the SBA toward the Parties' joint underlying obligation.

None of these facts excuses the stay violation, and none relieves Ms. Brewster of the obligation to return the funds and compensate the Debtor for reasonable fees and costs caused by the violation. But they do persuade the Court that punitive damages are not necessary to vindicate

the purposes of § 362(k). The award of actual damages, together with reasonable attorneys' fees and costs, is sufficient and proportionate under the circumstances presented.

### IV. Conclusion

For the foregoing reasons, the Debtor's Motion is **GRANTED IN PART**. The Court finds that Ms. Brewster willfully violated the automatic stay by failing to take effective action to stop the post-petition wage garnishment after notice of the Debtor's bankruptcy case and the asserted stay violation.

Ms. Brewster shall immediately take all steps necessary to terminate any continuing wage garnishment relating to the obligation at issue. Ms. Brewster shall also return all post-petition wages garnished from the Debtor, in an amount to be fixed by further order of the Court. The Debtor shall submit a supplemental certification of damages, attorneys' fees, and costs within fourteen (14) days, and Ms. Brewster may respond within fourteen (14) days thereafter. The request for punitive damages is **DENIED**.

The Debtor is directed to submit an appropriate order.

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Cc:  Filed on CM/ECF